UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
DEC 18 2018
CLERK

| | |
|---|---|
| MOHAMMED EL KARMASSI, <br><br> Plaintiff, <br> vs. <br><br> GCR FIRESTONE, BRIDGESTONE AMERICAS, OLD REPUBLIC, <br><br> Defendants. | 1:18-CV-01017-CBK <br><br> ORDER |

Plaintiff filed a *pro se* complaint alleging that he had an accident while at work on November 11, 2015. He claims his manager refused to timely report the accident, required plaintiff to work in violation of his doctor's restrictions, human resources would not return his calls, and the workers compensation carrier would not return his calls or pay for therapy. He claims the manager forged plaintiff's signature on time cards and other documents. Plaintiff contends that he was discriminated against, harassed, threatened and was fired in retaliation for raising safety concerns and trying to pursue a workers' compensation claim. Plaintiff is seeking to hold GCR Firestone responsible for the accident and his medical and pharmacy bills.

Plaintiff captioned his complaint only against "GCR Firestone/Old Republic" but listed in the body of his complaint that he was suing defendants GCR Firestone, Bridgestone Americas, and Old Republic. The record shows a proof of service only upon defendant GCR Firestone. Defendant Bridgestone filed a motion to dismiss. Bridgestone sets forth that Bridgestone Americas Tire Operations, LLC is incorrectly named in the complaint as GCR Firestone/Old Republic. Bridgestone also sets forth that GCR Firestone is not a separate entity although Bridgestone operates some stores under GCR Tire. Defendant Bridgestone filed a motion to dismiss the complaint, apparently on behalf of all named defendants, on the basis that plaintiff is attempting to relitigate matters that were dismissed with prejudice in CIV 16-1057, that plaintiff's claims arise out of a workers' compensation proceeding, and that the parties previously settled plaintiff's claims.

Plaintiff previously filed suit against GCR Firestone, 1:16-CV-01057-CBK, wherein he raised similar issues. The time to answer that complaint was extended pending mediation. Thereafter, defendant in that case moved to dismiss on the basis that the parties had mediated the matter in April 2017, that the plaintiff had signed a settlement agreement and release, agreeing to dismiss the case, and that plaintiff had been paid. Plaintiff did not object to the motion to dismiss and a judgment of dismissal was entered.

Plaintiff admits in his response to the pending motion to dismiss in this case that he attended mediation and settled "this case." Nonetheless, he is seeking continued payment of his ongoing medical bills. He asserts that "if workman's comp is not going to pay then GCR is responsible for paying for my medical expenses as I was injured while employed at GCR."

When an employer is insured under the state's workers' compensation statute, "an action for workers' compensation benefits is the exclusive remedy available to an employee against an employer for work-related injury." Quiles v. Johnson, 906 F.3d 735, 737 (8th Cir. 2018). *See* Harn v. Cont'l Lumber Co., 506 NW2d 91, 95 (SD 1993) ("Worker's compensation is the exclusive remedy for all on-the-job injuries to workers except those injuries intentionally inflicted by the employer."). All plaintiff's claims arise out of his work-related injury and his dissatisfaction with the handling of his workers' compensation claim. As such, they are not cognizable in federal court.

It is clear from the record that plaintiff did in fact engage in mediation of his discrimination and other claims against his employer, that he signed a settlement agreement as to his claims against his employer, and that he was paid pursuant to the settlement agreement. He cannot relitigate the claims raised in CIV 16-1057 despite now believing that he was not paid enough and continues to suffer from his original on-the-job injury.

Now, therefore,

IT IS ORDERED that the motion, Doc. 13, to dismiss is granted. This matter is dismissed with prejudice and with the taxation of costs.

DATED this 18th day of December, 2018.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge